UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

EDWIN DELPHO,

        Plaintiff,

 - against -

SONOMA CALIFORNIA CAFE,

        Defendant.

-----------------------------------------------------X

**JUDGE KARAS**

Docket No.:

**ECF CASE**

**COMPLAINT**

**07 CIV. 8601**

**PLAINTIFF DEMANDS
A JURY TRIAL**

Plaintiff, EDWIN DELPHO, by his attorney, ROBERT DAVID GOODSTEIN, ESQ., complaining of the Defendant, alleges as follows:

1. This is an action to remedy the failure of Defendant to properly pay Plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq.* Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, Plaintiff claims failure of Defendant to pay wages due and owing, pursuant to the New York State Labor Law §190 *et seq.*, and §652(1); and for failure to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2. Further, this action for compensatory damages and punitive damages on behalf of plaintiff. This suit is authorized pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*), 42 U.S.C. §1981, and the New York Human Rights Law (N.Y.S. Executive Law §290 *et seq.*).

Jurisdiction of this Court is also invoked pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §§1331, 1343 and under the principle of pendent jurisdiction. Jurisdiction of this Court is invoked

to secure the protection of, and redress deprivation of, rights secured by Title VII of the Civil Rights Act of 1964   (42 U.S.C. §2000e et seq.), providing for equitable and legal relief against discrimination in employment, because of national origin; 42 U.S.C. §1981, prohibiting discrimination in the making of contracts; and New York State Executive Law §290 et seq. (Human Rights Law), prohibiting discrimination in employment, because of national origin.

## PARTIES

2.      Plaintiff, EDWIN DELPHO, (hereinafter "DELPHO") is a resident of the County of Dutchess, and the State of New York.

3.      Defendant SONOMA CALIFORNIA CAFE' (hereinafter "SONOMA"), on information and belief is a New York employer with offices located c/o Mahmoud & Elshafey, 90 Independent Way, Brewster. New York 10509.  Defendant is an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 *et seq.*) and to the New York State Labor Law (Labor Law §§190 *et seq.*).(652(1)

4.      Plaintiff, **EDWIN DELPHO**, is of "American" national origin, (non-Latino). Plaintiff is an individual and, therefore, a "person." within the meaning of 42 U.S.C.§2000e(a).

5.      Defendant, **SONOMA**, is an "employer," as defined by 42 U.S.C.§2000e(b), since it is engaged in an industry affecting commerce, and since it had more than fifteen (15) employees for each working day in each of twenty (20) or more calender weeks in the current and/or proceeding calender year.

6.      Defendant, **SONOMA**, is also an "employer" within the meaning of N.Y.S. Executive Law §292(5), since it had more than four (4) persons in its employ at all relevant times.

7.      Defendant, **SONOMA**, is a "person," pursuant to 42 U.S.C. §1981.

## FACTS

8.    Plaintiff was hired by Defendant on or about October 17, 2006 at a salary of approximately forty-three ($43.000.00) Dollars per year as a Line Cook. Plaintiff was employed by Defendant through January 14, 2007.

9.    Plaintiff held an hourly paid non-exempt position.

10.    Plaintiff was always required to work 8 hours per day, 6 days per week.  Plaintiff actually worked 48 hours per week, plaintiff was not paid time and one half for the 8 hours overtime per week.

11.    Plaintiff is a male of American (non-Latino) national origin.

12.    On January 14, 2007 plaintiff was terminated. He was told "Spanish guys work more hours and are cheaper." Plaintiff was replaced by a Latino.

13.    Plaintiff, **EDWIN DELPHO**, filed a Charge of Discrimination with the Equal Employment Opportunity Commission (Exhibit 1), and has received a Notice of Right to Sue (Exhibit 2). This action is brought within ninety (90) days of the issuance of said Notice of Right to Sue.

## AS AND FOR A FIRST CAUSE OF ACTION

14.    Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

15.    Although Plaintiff worked overtime during the period October 17, 2006  through January 14, 2007 he did not receive overtime compensation for this period.

16.    Plaintiff received no overtime compensation for the hours he worked over forty (40) per week.

17.    Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation

of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

18.    Defendant's failure to pay Plaintiff wages and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
## PENDENT CAUSE OF ACTION-OVERTIME

19.    From October 17, 2006 through January 17, 2007, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

20.    From October 17, 2006 through January 17, 2007, Plaintiff was denied wage compensation for hours worked, in violation of Labor Law §190 et seq., and §652(1). This violation was willful.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

21.    Defendant, **SONOMA**, engaged in a unlawful employment practice, by discriminating against plaintiff, **EDWIN DELPHO**, because of national origin, with the respect to the terms, conditions and/or privileges of her employment, when it was terminated. Plaintiff because of his non-Latino national origin, in violation of Title VII of the Civil Rights Act of 1964 ( 42 U.S.C. §2000e et seq.) and 42 U.S.C. §1981.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AND THE SECOND
## PENDENT STATE CAUSE OF ACTION

22.    Defendant, **SONOMA**, engaged in unlawful discriminatory practices by discriminating against plaintiff, **EDWIN DELPHO**, with respect to terminating him because of his non-Latino national origin, in violation of N.Y.S. Executive Law §290 et seq.

23.    Plaintiff demands a jury trial on all claims.

**WHEREFORE**, Plaintiff requests this Court enter an Order in favor of Plaintiff and against Defendant:

## On The Fair Labor Standards Act Causes of Action

(a)    Declaring  Defendant violated the Fair Labor Standards Act (29 Code USC §201 *et seq*.) for the period between October 17, 2006 through and including January 17, 2007;

(b)    Declaring  Defendant's violation of the Fair Labor Standards Act was willful;

(c)    Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(d)    Granting Plaintiff time-and-a-half for each and every hour worked overtime during these periods;

(e)    Granting Plaintiff an equal amount in liquidated damages for the period dating three (3) years before the filing of this Complaint; and

(f)    Awarding Plaintiff his costs and reasonable attorneys' fees, together with such other and further relief as to the Court seems just and proper.

## On the New York State Labor Law Cause of Action

(g)    Declaring Defendant violated the New York State Labor Law and 12 NYCRR §142-2.2;

(h)    Declaring that Defendant's  violation of the New York State Labor Law and 12 NYCRR §142-2.2 was willful;

(i)    Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(j)    Awarding Plaintiff for the period  October 17, 2006 through January 17, 2007 a payment for overtime at the rate of time and-a-half for working over forty (40) hours per week during the period;

(k)     Finding that Defendant's refusal to pay Plaintiff the required correct wages  was willful, and awarding Plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due; and

(l)     Awarding Plaintiff reasonable attorney's fees.

### On Plaintiff's Title VII and 42 U.S.C. §1981 Causes of Action:

i.     An award of compensatory and/or punitive damages, pursuant to Title VII of the Civil Rights Act of 1964 ( 42 U.S.C. §2000e et seq.) and 42 U.S.C. §1981, in the amount of One Hundred Thousand Dollars ($100,000.00).

ii.     An award of back pay, including pension benefits, raises, promotions, bonuses and all other benefits to which plaintiff would have been entitled.

iii.     An award of reasonable attorney's fees, together with costs and disbursements of this action, pursuant to Title VII of the Civil Rights Act of 1964 ( 42 U.S.C. §2000e et seq.) and/or 42 U.S.C. §1988.

iv.     Reinstating plaintiff to his position as Line Cook.

### On Plaintiff's Pendent State Cause of Action

i.     An award of compensatory damages, in the amount of Two Hundred Thousand Dollars ($200,000.00).

ii.     Together with such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

Dated: New Rochelle, New York
       October 1, 2007

Yours, etc.,

Robert David Goodstein, Esq

By:   /S/

**ROBERT DAVID GOODSTEIN (RDG 5443)**
*Attorneys for Plaintiff*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382

# Plaintiff's Documents
# Exhibit #1

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 520-2007-01874 |

New York State Division of Human Rights                                    and EEOC

*State or local Agency, if any*

| NAME(Indicate Mr., Ms., Mrs.)<br>Mr. Edwin Delpho | HOME TELEPHONE (Include Area Code)<br>(914) 906-7291 |
|---|---|

| STREET ADDRESS<br>123 Maple Avenue | CITY, STATE AND ZIP CODE<br>Patterson, New York 12563 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Southeast Operating Group Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>Approximately 50 | TELEPHONE (Include Area Code) |
|---|---|---|

| STREET ADDRESS<br>c/o Mahmoud & Elshafey | CITY, STATE AND ZIP CODE<br>15 Butternut Lane, Hopewell Junction, N.Y. 12533 | COUNTY<br>Dutchess |
|---|---|---|

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☒ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE |
|---|
| EARLIEST (ADEA/EPA)        LATEST (ALL)<br>1/14/07 |
| ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

CATHERINE PURDY
Notary Public, State of New York
No. 01PU6082465
Qualified in Dutchess County
Commission Expires October 28, 2010

I want this charge filed with both the EEOC and the State or local Agency if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 2/7/07                    Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

FEB 26 2007

EEOC:NYDO:ENFORCEMENT

EEOC FORM 5 (Test 10/94)

**EDWIN DELPHO**
**EEOC CHARGE OF DISCRIMINATION - PARTICULARS**

    I was terminated from my job in a restaurant in Brewster, New York by the General Manager of Respondent, Steve Martell.  I was told that he had to cut payroll; he told me that Spanish guys work more hours and are cheaper.  I was the only non-Latino employee in the kitchen.



# Plaintiff's Documents
# Exhibit #2

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Edwin Delpho**<br>**123 Maple Avenue**<br>**Patterson, NY 12563** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-01874** | **Katherine Greenfield,**<br>**Investigator** | **(212) 336-3762** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
**Spencer H. Lewis, Jr.,**
**Director**

9/11/07
*(Date Mailed)*

Enclosures(s)

cc: **SONOMA CALIFORNIA CAFE**
**C/O Mahmoud & Elshafey**
**90 Independent Way**
**Brewster, NY 10509**

**Robert David Goodstein**
**Goodstein & West**
**56 Harrison Street**
**Suite 401**
**New Rochelle, NY 10801**