UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

EDWIN DELPHO,

                      Plaintiff,

    - against -

SONOMA CALIFORNIA CAFÉ and
MAHMOUD A. ELSHAFEY,

                      Defendants.

------------------------------------------------------X

*[Handwritten: Parties added / Amended Summons issued]*

Docket No.: 07-Civ-8601 (KMK) (MDF)

**ECF CASE**
**AMENDED**
**COMPLAINT**

**PLAINTIFF DEMANDS**
**A JURY TRIAL**

    Plaintiff, EDWIN DELPHO, by his attorney, The Law Offices of ROBERT DAVID GOODSTEIN, ESQ., complaining of the Defendants, alleges as follows:

    1.    This is an action to remedy the failure of Defendants to properly pay Plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq*. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, Plaintiff claims failure of Defendants to pay wages due and owing, pursuant to the New York State Labor Law §190 *et seq*., and §652(1); and for failure to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2. Further, this is an action for compensatory damages and punitive damages on behalf of plaintiff. This suit is authorized pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), 42 U.S.C. §1981, and the New York Human Rights Law (N.Y.S. Executive Law §290 et seq.).

Jurisdiction of this Court is also invoked pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §§1331, 1343 and under the principle of pendent jurisdiction. Jurisdiction of this Court is invoked to secure the protection of, and redress deprivation of, rights secured by Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), providing for equitable and legal relief against discrimination in employment, because of national origin; 42 U.S.C. §1981, prohibiting discrimination in the making of contracts; and New York State Executive Law §290 et seq. (Human Rights Law), prohibiting discrimination in employment, because of national origin.

## PARTIES

2.  Plaintiff, EDWIN DELPHO, (hereinafter "DELPHO") is a resident of the County of Dutchess, and the State of New York.

3.  Defendant SONOMA CALIFORNIA CAFE' (hereinafter "SONOMA"), on information and belief is a New York employer with offices located c/o Mahmoud A. Elshafey, 15 Butternut Lane, Hopewell Junction, New York 12533. Defendants are employers engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 *et seq.*) and to the New York State Labor Law (Labor Law §§190 *et seq.*)(652(1)

4.  Plaintiff, **EDWIN DELPHO**, is of "American" national origin, (non-Latino). Plaintiff is an individual and, therefore, a "person." within the meaning of 42 U.S.C.§2000e(a).

5.  Defendant, **SONOMA**, is an "employer," as defined by 42 U.S.C.§2000e(b), since it is engaged in an industry affecting commerce, and since it had more than fifteen (15) employees for each working day in each of twenty (20) or more calender weeks in the current and/or proceeding calender year.

6.  Defendant, **SONOMA**, is also an "employer" within the meaning of N.Y.S. Executive Law §292(5), since it had more than four (4) persons in its employ at all relevant times.

7.  Defendant, **SONOMA**, is a "person," pursuant to 42 U.S.C. §1981.

8.  At all times relevant, Defendant, MAHMOUD A. ELSHAFEY (hereinafter "ELSHAFEY") was an owner, partner or manager of SONOMA CALIFORNIA CAFÉ, INC.

9.  Defendant ELSHAFEY in an "employer" for purposes of the Fair Labor Standards Act (29 USC §201 *et seq.*) and the New York State Labor Law (Labor Law §§190 *et seq.*)

## FACTS

10. Plaintiff was hired by Defendant on or about October 17, 2006 at a salary of approximately forty-three ($43.000.00) Dollars per year as a Line Cook. Plaintiff was employed by Defendant through January 14, 2007.

11. Plaintiff held an hourly paid non-exempt position.

12. Plaintiff was always required to work 8 hours per day, 6 days per week. Plaintiff actually worked 48 hours per week, plaintiff was not paid time and one half for the 8 hours overtime per week.

13. Plaintiff is a male of American (non-Latino) national origin.

14. On January 14, 2007 plaintiff was terminated. He was told "Spanish guys work more hours and are cheaper." Plaintiff was replaced by a Latino.

15. Plaintiff, **EDWIN DELPHO**, filed a Charge of Discrimination with the Equal Employment Opportunity Commission (Exhibit 1), and has received a Notice of Right to Sue (Exhibit 2). This action is brought within ninety (90) days of the issuance of said Notice of Right to Sue.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

17. Although Plaintiff worked overtime during the period October 17, 2006 through January 14, 2007 he did not receive overtime compensation for this period.

18. Plaintiff received no overtime compensation for the hours he worked over forty (40) per week.

19. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

20. Defendants' failure to pay Plaintiff wages and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
## PENDENT CAUSE OF ACTION-OVERTIME

21. From October 17, 2006 through January 17, 2007, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

22. From October 17, 2006 through January 17, 2007, Plaintiff was denied wage compensation for hours worked, in violation of Labor Law §190 et seq., and §652(1). This violation was willful.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

23. Defendant, **SONOMA**, engaged in a unlawful employment practice, by discriminating against plaintiff, **EDWIN DELPHO**, because of national origin, with the respect to the terms, conditions and/or privileges of her employment, when it was terminated. Plaintiff because

of his non-Latino national origin, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.) and 42 U.S.C. §1981.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AND THE SECOND PENDENT STATE CAUSE OF ACTION

24. Defendant, **SONOMA**, engaged in unlawful discriminatory practices by discriminating against plaintiff, **EDWIN DELPHO**, with respect to terminating him because of his non-Latino national origin, in violation of N.Y.S. Executive Law §290 et seq.

25. Plaintiff demands a jury trial on all claims.

**WHEREFORE**, Plaintiff requests this Court enter an Order in favor of Plaintiff and against Defendants.

### On The Fair Labor Standards Act Causes of Action

(a) Declaring Defendants violated the Fair Labor Standards Act (29 Code USC §201 *et seq.*) for the period between October 17, 2006 through and including January 17, 2007;

(b) Declaring Defendants' violation of the Fair Labor Standards Act was willful;

(c) Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods against both defendants'.

(d) Granting Plaintiff time-and-a-half for each and every hour worked overtime during these periods against both defendants;

(e) Granting Plaintiff an equal amount in liquidated damages for the period dating three (3) years before the filing of this Complaint against both defendants.

(f) Awarding Plaintiff his costs and reasonable attorneys' fees against both defendants, together with such other and further relief as to the Court seems just and proper.

### On the New York State Labor Law Cause of Action

(g) Declaring Defendants violated the New York State Labor Law and 12 NYCRR §142-2.2;

(h) Declaring that Defendants' violation of the New York State Labor Law and 12 NYCRR §142-2.2 was willful;

(i) Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods against both defendants'.

(j) Awarding Plaintiff for the period October 17, 2006 through January 17, 2007 a payment for overtime at the rate of time-and-a-half for working over forty (40) hours per week during the period against both defendants;

(k) Finding that Defendants' refusal to pay Plaintiff the required correct wages was willful, and awarding Plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due against both defendants; and

(l) Awarding Plaintiff reasonable attorney's fees against both defendants.

### On Plaintiff's Title VII and 42 U.S.C. §1981 Causes of Action:

i. An award of compensatory and/or punitive damages, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.) and 42 U.S.C. §1981, in the amount of One Hundred Thousand Dollars ($100,000.00) against defendant Sonoma.

ii. An award of back pay, including pension benefits, raises, promotions, bonuses and all other benefits to which plaintiff would have been entitled against defendant Sonoma.

iii.   An award of reasonable attorney's fees, together with costs and disbursements of this action, pursuant to Title VII of the Civil Rights Act of 1964 ( 42 U.S.C. §2000e et seq.) and/or 42 U.S.C. §1988 against defendant Sonoma.

iv.   Reinstating plaintiff to his position as Line Cook.

### On Plaintiff's Pendent State Cause of Action

i.   An award of compensatory damages, in the amount of Two Hundred Thousand Dollars ($200,000.00) against defendant Sonoma.

ii.   Together with such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

Dated: New Rochelle, New York
    July 24, 2008

                              Yours, etc.,
                              The Law Offices of
                              Robert David Goodstein, Esq

                              By: _____
                              ROBERT DAVID GOODSTEIN (RDG 5443)
                              *Attorneys for Plaintiff*
                              56 Harrison Street, Suite 401
                              New Rochelle, New York 10801
                              (914) 632-8382

TO:
Jeffrey A. Hoerter, Esq
MARTIN LAW GROUP, P.C.
*Attorneys for Defendant*
2644 East Main Street
Wappingers Falls, New York 12590